**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

JAMES CLEM, Derivatively on Behalf of WALGREENS BOOTS ALLIANCE, INC.,

Plaintiff,

v.

JAMES A. SKINNER, STEFANO PESSINA, WILLIAM C. FOOTE, NANCY M. SCHLICHTING, GINGER L. GRAHAM, DAVID J. BRAILER, JANICE M. BABIAK, DOMINIC P. MURPHY, JOHN A. LEDERER, JOSÉ E. ALMEIDA, GEORGE R. FAIRWEATHER, and LEONARD D. SCHAEFFER,

Defendants,

-and-

WALGREENS BOOTS ALLIANCE, INC., a Delaware corporation,

Nominal Defendant.

Case No. 1:21-cv-00406-GBW

**REVISED PRELIMINARY APPROVAL ORDER**

This matter came before the Court for a hearing on November 19, 2024. Plaintiff has made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of stockholder derivative claims, in accordance with the Stipulation and Agreement of Settlement dated July 9, 2024 (the "Stipulation"); and (ii) approving the form and manner of the Notice of the Settlement.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to, a proposed Settlement and dismissal of the above-captioned Derivative Action;

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

WHEREAS, the Court having: (i) read and considered Plaintiff's Unopposed Motion for Preliminary Approval of Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto, including the Notice of Pendency and Proposed Settlement of Stockholder Derivative Action (the "Notice"); and (iii) heard and considered arguments by counsel for the Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Walgreens and appears to be the product of serious, informed, non-collusive settlement negotiations among the Parties; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Walgreens stockholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on January 23, 2025, at 1:00 p.m., before the Honorable Gregory B. Williams, at the U.S. District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Unit 26, Room 6124, Wilmington, DE 19801 (the "Settlement

Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Parties should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; and (v) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. Within fourteen (14) calendar days after the entry of this Preliminary Approval Order, Walgreens shall cause the Summary Notice to be published one time in *Business Wire*, cause the Stipulation and the Notice to be included in a Form 8-K furnished to the SEC, and Walgreens shall post a link to the Stipulation and the Notice on the "Investor Relations" page of Walgreens' website, and shall maintain that link through the date of the Settlement Hearing.

6. All costs incurred in the filing and publication of the Notice shall be paid by Walgreens, and Walgreens shall undertake all administrative responsibility for the filing and publication of the Notice.

7. At least twenty-one (21) calendar days after the entry of this Preliminary Approval Order, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the Notice as provided for in paragraph 5 of this Preliminary Approval Order.

8. All Current Walgreens Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current Walgreens Stockholders.

9. Pending final determination of whether the Settlement should be approved, Plaintiff and Current Walgreens Stockholders shall not commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any stockholder of Walgreens common stock may appear and show cause, if he, she, or they have any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or service award should not be awarded. However, no Walgreens stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Walgreens stockholder has caused to be filed, and served on counsel as noted below, written objections containing the following information:

a) The stockholders' name, legal address, and telephone number;

b) The case name and number (*Clem v. Skinner, et al.*, Case No. 1:21-cv-00406);

c) Proof of being a Walgreens stockholder currently and as of July 9, 2024;

d) The date(s) the stockholder acquired Walgreens shares;

e) A statement of each of each objection being made;

f) Notice of whether the stockholder intends to appear at the Settlement Hearing; and

g) Copies of any papers the stockholder intends to submit to the Court, along with the names of any witness(es) the stockholder intends to call to testify at the Settlement

Hearing and the subject(s) of their testimony.

11. At least fourteen (14) calendar days prior to the Settlement Hearing set for January 23, 2025, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Unit 26, Room 6124, Wilmington, DE 19801, and serve such materials by that date, to each of the following Parties' counsel:

*Counsel for Plaintiff:*

**COOCH AND TAYOR**
Attn: Blake A. Bennett
The Brandywine Building
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3800
E-mail: bbennett@coochtaylor.com

**ROBBINS LLP**
Attn: Stephen J. Oddo
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
E-mail: soddo@robbinsllp.com

*Counsel for Defendants:*

**ABRAMS & BAYLISS LLP**
Attn: A. Thompson Bayliss
20 Montchanin Road
Suite 200
Wilmington, DE 19807
Telephone: (302) 778-1033
Bayliss@AbramsBayliss.com

**ROPES & GRAY LLP**
Attn: Martin J. Crisp
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
E-mail: Martin.Crisp@ropesgray.com

12. Only stockholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

13. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount, unless otherwise ordered by the Court, and shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14. Plaintiff shall file his motion for final approval of the Settlement at least twenty-eight (28) calendar days prior to the Settlement Hearing. If there is any objection to the Settlement,

Plaintiff shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

15. All proceedings in the Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

16. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Walgreens stockholders.

17. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Parties or Released Parties, or of the validity of any Released Claims; or (ii) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18. The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Parties consistent with such Settlement, without further notice to Walgreens stockholders; and (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to Walgreens stockholders.

**IT IS SO ORDERED.**

DATED: November 25, 2024

[signature]

HONORABLE GREGORY B. WILLIAMS
UNITED STATES DISTRICT COURT